Peter M. de Jonge, Utah Bar No. 7,185
Mark Bettilyon, Utah Bar No. 4,798
Jed H. Hansen, Utah Bar No. 10,679
Eric E. Westerberg, Utah Bar No. 12,712
**THORPE NORTH & WESTERN, L.L.P.**
175 S. Main Street, Suite 350
Salt Lake City, UT 84111
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiff,*
*Copperfield Publishing, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COPPERFIELD PUBLISHING, INC., a Utah corporation, | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT**<br>**WITH JURY DEMAND** |
| RICH MARKETING, LLC, a Utah limited liability company, and STEVEN H. REICH, an individual doing business as R Marketing Department, | Judge _____ |
| Defendants. | |

Plaintiff Copperfield Publishing, Inc., doing business as Salt Lake City Weekly

("City Weekly") by and through its counsel, hereby files this Complaint with Jury

Demand against Defendants Rich Marketing, Inc. and Steven H. Reich, doing business as

R Marketing Department  (collectively "Defendants") and alleges as follows:

### THE PARTIES

1.      Plaintiff, City Weekly, is a Utah corporation with its principal place of

business at 248 S Main Street, Salt Lake City, Utah.

2.      Upon information and belief, Defendant Steven H. Reich, doing business as R Marketing Department, is an individual residing in Syracuse, Utah.

3.      Upon information and belief, Defendant Rich Marketing, LLC is a Utah limited liability company with a principal place of business at 2480 S 1150 W, Syracuse Utah 841075.

## JURISDICTION AND VENUE

4.      City Weekly brings this action pursuant to Lanham Trademark Act, Title 15, United States Code § 1051, *et seq.*, Utah Code §§ 13-11A-3, 13-5-17, 13-5A-102-103, 13-11a-3, 70-3a-103-403, and Utah common law.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367, 1338 and 15 U.S.C. §§1114 and 1125.

6.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims arising under state law or common law because those claims are so related to the federal trademark claims that they form part of the same case or controversy.

7.      Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §1391 since Defendants conduct continuous and systematic business directly related to the trademarks at issue in this case, which trademarks are owned by a company in this judicial district.

8.      Upon information and belief, this Court has personal jurisdiction over Defendants as they are Utah residents and have purposefully directed their activities toward state of Utah, causing harm suffered in the state of Utah, and this action is based upon activities that arise out of or relate to those contacts.

## GENERAL ALLEGATIONS

### The City Weekly Trademarks

9.      City Weekly is in the business of providing information, news, and events services related to arts, entertainment, food, and local news.  City Weekly has been recognizes as a market leader and is highly respected among consumers.

10.      Among City Weekly's most valuable services are its BEST OF UTAH awards, through which Salt Lake City Weekly's readers can nominate and vote for their local favorites from over 100 categories, including categories in food and drink, the arts, and entertainment.

11.      City Weekly's BEST OF UTAH awards are highly regarded by consumers and sought after by local businesses.  Recipients of the award proudly and prominently display their BEST OF UTAH awards and consumers often rely on the award in making decisions regarding where to dine, what to buy, where to shop, where to travel, where to socialize, etc.

12.      Based on its extensive and longstanding use of BEST OF UTAH, City Weekly has acquired significant goodwill and trademark rights in BEST OF UTAH. Additionally, City Weekly owns U.S. Trademark Registration No. 3,749,518 for BEST OF UTAH.  These rights are collectively referred to herein as the "BEST OF UTAH Marks."  A copy of the trademark registration is attached hereto as Exhibit A.

## DEFENDANTS' MISCONDUCT

13.      Upon information and belief, Defendants offer marketing and public relations services.

14.     Upon information and belief, Defendants use City Weekly's BEST OF UTAH mark in connection with Defendants' services my promoting goods and services as "the Best of Utah."

15.     Upon information and belief, in January 2016 Defendants offered a "Best of Utah" advertising promotion offering companies a spot to list their products as the "Best of Utah" in a full-page newspaper ad run in the Deseret News and the Salt Lake Tribune just prior to the Super Bowl.  Exhibit B.

16.     Upon information and belief, Defendants offered this "Best of Utah" promotion via email, among other means.  Upon information and belief, an email regarding the promotion was distributed from the email address steve@shreich.com, having the subject line "Super Bowl Opportunity – The Best of Utah."

17.     Upon information and belief, Defendant Steven H. Reich owns the email account with the address steve@shreich.com.

18.     Upon information and belief, Defendants own the domain name <thebestofutah.com>.  Exhibit C.

19.     On or about January 26, 2016, City Weekly's counsel sent a letter addressed to Mr. Reich regarding City Weekly's ownership of the BEST OF UTAH Mark and demanding that Defendants cease and desist all use.  City Weekly's counsel received no response.  However, upon information and belief, Defendants continued to use "Best of Utah."

20.     Upon information and belief, Defendants promote products and services through a "Best of Utah" video segment on ABC4's Good Things Utah program.  A screenshot of an online video of the segment showing use of "Best of Utah" is illustrated

below.



21.     Upon information and belief, Defendants had actual notice that City Weekly owns the BEST OF UTAH Marks.

22.     Defendants' actions are likely to cause consumer confusion as to the source of its goods and services and cause a false association between Defendants and City Weekly

23.     Upon information and belief, Defendants' actions have resulted in, and will continue to result in, substantial and irreparable harm to City Weekly and to consumers.

24.     Upon information and belief, Defendant intended to and did trade on the substantial goodwill associated with the BEST OF UTAH Mark, and has intentionally misled the public into assuming a connection between City Weekly and Defendants.

25.     Upon information and belief, Defendants' actions constitute a knowing and willful false designation of origin of Defendants' goods and services.

26.     Upon information and belief, Defendants' actions have caused and will continue to cause irreparable injury to City Weekly.


**CAUSES OF ACTION**

**COUNT I**
**Federal Unfair Competition and False Designation of Origin**
**15 U.S.C. § 1125(a)**

27.     City Weekly realleges and incorporates by reference all of the foregoing paragraphs.

28.     City Weekly owns the BEST OF UTAH Mark.

29.     Upon information and belief, Defendants have used the terms "Best of Utah" in commerce.

30.     Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with City Weekly, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities.

31.     Defendants' conduct constitutes false designation of origin and unfair competition pursuant to 15 U.S.C. §1125(a).

32.     Upon information and belief, City Weekly is likely to be, has been, and will continue to be, damaged by Defendants' actions.

33.     Upon information and belief, City Weekly has suffered actual damages and lost profits caused by Defendants' use of the BEST OF UTAH Marks, in an amount

6

to be proven at trial.  Additionally, the harm to City Weekly from Defendants' actions is not fully compensable by money damages.  City Weekly has suffered and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringement committed by Defendants are permanently enjoined.

34.     Upon information and belief, Defendants knew of the BEST OF UTAH Mark and willfully infringed the BEST OF UTAH Mark.  Upon information and belief, Defendants' actions are willful, intentional, and/or deliberate.

35.     City Weekly is entitled to injunctive relief and monetary damages against Defendants pursuant to 15 U.S.C. §§1116-1117.

36.     City Weekly is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. §1117(a).

## COUNT II
### Infringement of a Federally Registered Trademark
### 15 U.S.C.  § 1114

37.     City Weekly realleges and incorporates by reference all the foregoing paragraphs.

38.     City Weekly owns valid a U.S. trademark registration for the BEST OF UTAH Mark.

39.     Defendants' use of "Best of Utah" is likely to cause confusion, to cause mistake, or to deceive and are trademark infringement pursuant to 15 U.S.C. §1114.

40.     Upon information and belief, Defendants' infringement of the BEST OF UTAH Mark has caused and continues to cause damage and irreparable injury to the value and goodwill of the BEST OF UTAH Mark as well as damage and cause

irreparable injury to the City Weekly's goodwill, business, and reputation.

41.     Upon information and belief, Defendants' actions are deliberate, willful, fraudulent, and constitutes a knowing infringement of the BEST OF UTAH Mark.

42.     City Weekly is entitled to injunctive relief pursuant to 15 U.S.C. §1114.

43.     City Weekly is entitled to damages and to recover Defendants' profits, in an amount to be proven at trial, pursuant to 15 U.S.C. §1117(a).

44.     City Weekly is entitled to recover treble damages pursuant to 15 U.S.C. § 1117(b).

45.     City Weekly is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. §1117(a).


**COUNT III**
**Utah Deceptive Trade Practices**
**U.C. A. § 13-11a-3**


46.     City Weekly realleges and incorporates by reference all of the foregoing paragraphs.

47.     Upon information and belief, Defendant has passed off Defendants' goods and/or services as those of City Weekly.

48.     On information and belief, Defendants have knowingly made false representations as to source, sponsorship, approval, or certification of Defendants' goods and/or services by using "Best of Utah," and did so having knowledge of the BEST OF UTAH Mark.

49.     Defendants' conduct is likely to cause confusion or misunderstanding as to source, sponsorship, approval or certification it is goods and services.

50.     Defendants' conduct is likely to cause confusion as to affiliation, connection, association with or certification by City Weekly.

51.     Defendants' conduct constitutes a violation of the Utah Truth in Advertising Act.

52.     City Weekly is entitled to recover damages for Defendants' conduct pursuant to U.C.A. § 13-11a-5 (2)(b).

53.     City Weekly is entitled to recover attorneys' fees pursuant to U.C.A. § 13-11a-5(2)(c).

54.     City Weekly is entitled to enjoin Defendants from further misleading acts and passing off pursuant to U.C.A. § 13-11a-5(2)(a).

**COUNT IV**
**Utah Unfair Competition**
**U.C.A. § 13-5a-101 et seq.**

55.     City Weekly realleges and incorporates by reference all of the foregoing paragraphs.

56.     Upon information and belief, Defendants have willfully, intentionally, and/or recklessly infringed the BEST OF UTAH Mark.

57.     Defendants' infringement of the BEST OF UTAH Mark is unlawful.

58.     Upon information and belief, Defendants' infringement of the BEST OF UTAH Mark leads to a material diminution in value of the BEST OF UTAH Mark.

59.     Accordingly, Defendants' actions constitute unfair competition in violation of the Utah Unfair Competition Act, Utah Code Ann. §13-5a-101 et seq.

60.     City Weekly has suffered actual damages, including lost profits, as a result of Defendants' unfair business practices in an amount to be proven at trial.  Additionally,

the harm to City Weekly arising from these acts is not fully compensable by money damages.  City Weekly has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the unfair competition committed by Defendants is permanently enjoined.

61.    City Weekly is entitled to damages in an amount to be proven at trial pursuant to U.C.A. § 13-5a-103.

62.    City Weekly is entitled to punitive damages in an amount to be proven at trial pursuant to U.C.A. § 13-5a-103.

63.    City Weekly is entitled to costs and attorneys' fees Pursuant to U.C.A. § 13-5a-103.


**COUNT V**
**Unjust Enrichment**
**Utah Common Law**

64.    City Weekly realleges and incorporates by reference all of the foregoing paragraphs.

65.    Upon information and belief Defendants have received a benefit through its unauthorized use of "Best of Utah."

66.    Upon information and belief, Defendants have knowledge that they have received a benefit.

67.    Upon information and belief, Defendants' unauthorized use of "Best of Utah" has caused damage and will continue to damage City Weekly.

68.    City Weekly is entitled to damages, costs and attorneys fees, and to enjoin Defendants from further use of "Best of Utah."

**PRAYER FOR RELIEF**

**WHEREFORE**, City Weekly respectfully requests that the Court enter a judgment in City Weekly's favor as follows:

A.    That the Court enter judgment declaring that Defendants' actions infringe Plaintiff's registered BEST OF UTAH trademark in violation of 15 U.S.C. § 1114;

B.    That the Court enter judgment declaring that Defendants' actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125;

C.    That the Court enter judgment declaring that Defendants' conduct constitutes unfair competition in violation of U.C.A. §13-5A-101 et seq.;

D.    That the Court enter judgment that Defendants are liable for deceptive trade practices under U.C. A. § 13-11A-3;

E.    That the Court enter judgment that Defendant has been unjustly enriched through its use of "Best of Utah."

F.    That the Court order that Defendants transfer ownership of the domain <thebestofutah.com> to City Weekly.

G.    That the Court preliminarily and permanently enjoin Defendant from using "Best of Utah" or any term that infringes the BEST OF UTAH Mark or unfairly competes with City Weekly

H.    That the Court require Defendants to pay monetary damages to City Weekly in an amount to be proven at trial;

I.    That the Court require Defendants to pay prejudgment and post-judgment

interest until such awards are paid;

J.     That the Court require Defendants to pay treble damages in an amount to be proven at trial;

K.     That the Court award City Weekly punitive damages;

L.     That the Court require Defendants to pay City Weekly's costs and attorneys' fees incurred in this action;

M.     That City Weekly have such other and further relief as shall seem just and proper to the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, City Weekly hereby demands a jury trial on all claims and issues so triable.


DATED:  February 26 29, 2016                    THORPE NORTH & WESTERN, LLP

                                                */Eric E. Westerberg/*
                                                Peter M. de Jonge
                                                Jed H. Hansen
                                                Eric E. Westerberg

                                                *Attorneys for Plaintiff,*
                                                *Copperfield Publishing, Inc.*